Filed 1/22/26  P. v. Alarcon CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GONZALO ALARCON,<br><br>    Defendant and Appellant. | B344736<br><br>(Los Angeles County<br> Super. Ct. No. KA092630-01) |

APPEAL from an order of the Superior Court of Los Angeles County, Jacqueline H. Lewis, Judge.  Dismissed.

Megan Denkers Baca, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Gonzalo Alarcon appeals from the trial court's order declining to resentence him under Penal Code section 1172.1.[1]  We conclude the order is not appealable and dismiss the appeal.

## BACKGROUND

In 2011, a jury convicted Alarcon of attempted murder (count 1; §§ 664, 187) and of shooting at an occupied vehicle (count 2; § 246).  As to both counts, the jury found true Alarcon caused great bodily injury to the victim by personally and intentionally discharging a firearm.  Prior to sentencing, the trial court found true allegations of a prior strike conviction (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), a prior serious felony conviction (§ 667, subd. (a)), and a prior prison term (§ 667.5, subd. (b)).  Alarcon was sentenced to a total term of 49 years to life.

In January 2025, Alarcon filed a form request for recall of sentence and resentencing pursuant to Assembly Bill 600 and section 1172.1.  The trial court issued an order stating that section 1172.1, subdivision (c) did not entitle a defendant to file a petition and that the court was "tak[ing] no further action."

Alarcon appealed.  His appointed counsel filed a brief recognizing "similar orders" have been found nonappealable.  Counsel raised no issues and requested we follow the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216.  Alarcon filed a supplemental brief asserting he was entitled to file the petition pursuant to Assembly Bill 2483 and section 1171 as

---

[1]     All further statutory references are to the Penal Code.

2

stated in a "AB2483 Fact Sheet" provided through his "Institutions 'Law Library.'" (*Sic.*)

## DISCUSSION

We dismiss the appeal as taken from a nonappealable order. Section 1237 generally governs a defendant's right to appeal in criminal cases. Under that section, a defendant may appeal from (1) a final judgment of conviction, and (2) "[f]rom any order made after judgment, affecting the substantial rights of the party." (§ 1237, subds. (a), (b).)

Pursuant to section 1172.1, the "court may, on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced . . . ." (§ 1172.1, subd. (a)(1).) The court may also act upon the recommendation of various designated correctional or law enforcement authorities. (*Ibid.*) However, "[a] defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." (§ 1172.1, subd. (c).) "[A] defendant who chooses to file an unauthorized request for resentencing has no *right* to a ruling." (*People v. Hodge* (2024) 107 Cal.App.5th 985, 996 (*Hodge*).)

Since Alarcon had no right to a ruling, "the trial court's choice not to make one [did] not deprive [him] of any right, much less a substantial one." (*Hodge, supra*, 107 Cal.App.5th at p. 996; see *People v. Brinson* (2025) 112 Cal.App.5th 1040, 1045

3

(*Brinson*).)  The court's decision to take no action on Alarcon's petition is not appealable.

Assembly Bill 2483 and Section 1171, raised for the first time on appeal, do not alter our conclusion.  "Effective January 1, 2025, Assembly Bill 2483 enacted section 1171, which sets forth various procedures under subdivision (c) that apply to all postconviction proceedings to modify a sentence or conviction under ameliorative statutes, including section 1172.1."  (*Brinson*, *supra*, 112 Cal.App.5th at p. 1047.)  Section 1171's procedures do not apply where "there is a conflict with a more specific rule established in statute, in which case the more specific statute shall apply."  (§ 1171, subd. (c).)  "The language of section 1171, subdivision (c) requiring a trial court to take any action in response to a request for recall and resentencing clearly conflicts with the more specific rule established in section 1172.1, which expressly states that 'the court is not required to respond' to a defendant-initiated request under that section."[2]  (*Brinson*, at p. 1048.)  Therefore, "section 1172.1, subdivision (c), not section 1171, subdivision (c), applies to defendant-initiated requests for recall and resentencing."  (*Id.* at p. 1049.)

---

[2]  Additionally, section 1171's procedures apply to requests that are "'authorized in law,'" "which a defendant-initiated section 1172.1 petition is not."  (*Brinson*, *supra*, 112 Cal.App.5th at p. 1048.)

**DISPOSITION**

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                                MORI, J.

We concur:


ZUKIN, P. J.


COLLINS, J.

5